UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00081-GNS-HBB

CHRISTOPHER BOLING                                                                        PLAINTIFF

V.

PROSPECT FUNDING HOLDINGS, LLC                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Reconsider (DN 34). The motion has been completely briefed and is now ripe for a decision.[1] For the reasons outlined below, the motion is **DENIED**.

### I.  STATEMENT OF FACTS AND CLAIMS

On May 23, 2008, Plaintiff Christopher Boling ("Boling") suffered severe burns to his right hand and a posterior dislocation of his right shoulder after vapors escaping from a gas can ignited upon coming into contact with a hot metal eye bolt. (Am. Compl. ¶¶ 9-11, DN 7). At the time of his injury, Plaintiff was married to Holly Boling, who is not a party to this action.[2] (Am Compl. ¶ 13).

---

[1] While the caption of the motion requests an oral argument, Prospect has not filed a motion for oral argument as required by LR 7.1(f). The Court nevertheless concludes that oral argument is not necessary to address the issues raised in Prospect's motion.

[2] Under the terms of the Bolings' divorce property settlement agreement, Plaintiff's portion of any recovery for his personal injury claim against Blitz USA was to be considered his non-marital property. (Pl.'s Counter Mot. for Partial Summ. J. & Resp. to Def.'s Mot. to Dismiss, Ex. 5, DN 20-5). According to Boling, his ex-wife will not receive any funds from his personal injury settlement. (Pl.'s Mem. in Supp. of Counter Mot. for Partial Summ. J. & Resp. to Def.'s Mot. to Dismiss 11, DN 20-1).

As a result of his injuries, the Bolings filed suit against the gas can manufacturer, Blitz USA, in this Court.[3] During the course of their litigation against Blitz USA, the Bolings entered into a series of agreements to obtain advances on his potential personal injury recovery with Prospect Funding Holdings, LLC ("Prospect") and Cambridge Management Group, LLC ("CMG").[4] (Compl. Exs. A-D, DN 1-1 to 1-4). The financial terms of these agreements are summarized as follows:

| Date | Lender | Amount of Loan & Fees |
|---|---|---|
| October 2009 | CMG | $10,000.00 plus fees of $1,275.00 plus additional costs |
| March 2010 | CMG | $5,000.00 plus fees of $825.00 plus additional costs |
| May 2012 | Prospect | $5,000.00 plus fees of $1,025.00 plus additional costs |
| April 2013 | Prospect | $10,000.00 plus fees of $1,800.00 plus additional costs |

(Compl. ¶¶ 14-31; Compl. Ex. A, at 1; Compl. Ex. B, at 1; Comp. Ex. C, at 1; Comp. Ex. D, at 1). By their terms, amounts advanced under these agreements accrue interest at a rate of 4.9% per month; as of August 22, 2014, the total amount owed to Prospect was $340,405.00. (Compl. Ex. A, at 2; Compl. Ex. B, at 2; Comp. Ex. C, at 1; Comp. Ex. D, at 1; Compl. Ex. F, at 1-2, DN 1-6).

On June 19, 2014, Boling filed this lawsuit against Prospect seeking a declaratory judgment that the agreements are to be interpreted by and deemed unenforceable under Kentucky law. (Compl. ¶¶ 43, 45). Subsequently, on September 4, 2014, Prospect filed suit against the

---

[3] *Boling v. Blitz USA, Inc.*, Civil Action No. 1:09-CV-00067-JHM-ERG. As alleged in the Amended Complaint, Boling has settled his claim with Blitz USA, but the proceeds of the settlement are tied up in bankruptcy. (Am. Compl. ¶ 38).

[4] As alleged in the Complaint, Prospect acquired the loan agreements between Boling and CMG in 2013. (Compl. ¶ 32).

Bolings in the Superior Court of New Jersey, Chancery Division, and October 3, 2014, Boling removed that action to the U.S. District Court for the District of New Jersey.[5]

Prospect then moved to dismiss this action based upon lack of personal jurisdiction, the failure to join an indispensable party, the *Colorado River* abstention doctrine, and the doctrine of *forum non conveniens*. (Def.'s Mot. to Dismiss 10-22, DN 16). Boling moved for partial summary judgment as to the forum selection and choice of law provisions in the agreements. (Pl.'s Mem. in Supp. of Mot. for Partial Summ. J. & Resp. to Mot. to Dismiss 32-36, DN 20). This Court denied Prospect's Motion to Dismiss, and granted Plaintiff's Motion for Partial Summary Judgment. (Mem. Op. & Order 1, DN 31). In the present motion, Prospect requests that the Court revisit specific aspects of that decision.

## II. JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon diversity jurisdiction. *See* 28 U.S.C. § 1332.

## III. STANDARD

Under Federal Rule of Civil Procedure 59(e), the court may grant a motion to alter or amend "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). "To constitute newly discovered evidence, the evidence must have been previously unavailable." *Id.* Importantly, however, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). To prevail, the moving party bears "[t]he burden of demonstrating the

---

[5] On May 11, 2015, that court ordered the transfer of the New Jersey action to this Court on the basis of the first-to-file rule. After that court denied Prospect's motion to reconsider, the case was transferred to this Court and assigned Civil Action No. 1:15-CV-00112-GNS.

existence of a manifest error of fact or law." *Doe v. Patton*, 381 F. Supp. 2d 595, 605 (E.D. Ky. 2005), *aff'd sub nom. Doe v. Magoffin Cty. Fiscal Court*, 174 F. App'x 962 (6th Cir. 2006).

## IV. DISCUSSION

In its motion, Prospect alleges that the Court's prior decision is based upon mistakes of fact and law. (Def.'s Mem. in Supp. of Mot. to Reconsider 3-13). As outlined below, these arguments do not support reconsideration of the Court's prior decision.

### A. Mistake of Fact

In essence, Prospect takes issue with the Court's characterization of its agreements with Boling as nonrecourse loans. (Def.'s Mem. in Supp. of Mot. to Reconsider 3-5). Under the terms of those agreements, Prospect made advances on Boling's future personal-injury recovery, and if Boling had no recovery, he owed nothing to Prospect. (Compl. Ex. A, at 1-2; Compl. Ex. B, at 1-2; Compl. Ex. C, at 1; Compl. Ex. D, at 1). If Boling were to make a recovery the total amount advanced would be subject to interest accruing at a rate of 4.9% per month plus fees of roughly 12.75% and 20% of the amount advanced. (Compl. Ex. A, at 1-2; Compl. Ex. B, at 1-2; Compl. Ex. C, at 1; Compl. Ex. D, at 1).

The Court believes that the terms of those agreements speak for themselves. The Court declines to reconsider its prior ruling based upon Prospect's dissatisfaction with the Court's characterization of the nature of agreements as nonrecourse loans in the context of the dispositive motions filed at the outset of this litigation.

### B. Mistake of Law

In arguing mistake of law as a basis for reconsideration, Prospect reiterates its prior unsuccessful argument that Kentucky is not the proper forum for this litigation. (Def.'s Mem. in Supp. of Mot. to Reconsider 5-10). In support of this argument, argues that the Court

4

erroneously relied upon *Incline Energy, LLC v. Stice*, No. 3:09-CV-58-H, 2009 WL 19725038 (W.D. Ky. 2009). (Def.'s Mem. in Supp. of Mot. to Reconsider 10). According to Prospect, *Stice* and one of the cases it relied upon—*Breeding v. Massachusetts Indemnity & Life Insurance Co.*, 633 S.W.2d 717 (Ky. 1982)—did not involve contracts with choice of law provisions. (Def.'s Mem. in Supp. of Mot. to Reconsider 10). In *Wallace Hardware Co. v. Abrams*, 223 F.3d 382 (6th Cir. 2000), the Sixth Circuit predicted that the Kentucky Supreme Court would apply Section 187 of the Restatement (Second) of Conflicts of Laws in analyzing a contractual choice of law provision. Thus, based upon *Abrams*, Prospect asserts that Section 187 of the Restatement (Second) of Conflicts of Laws—not Section 188—provides the proper basis for this Court's analysis of the enforceability of the choice of law provision in this case. (Def.'s Mem. in Supp. of Mot. to Reconsider 10-13).

In making this argument, Prospect does not cite to this Court's decision in *Wells Fargo Fin. Leasing, Inc. v. Griffin*, 970 F. Supp. 2d 700 (W.D. Ky. 2013), which undermines Prospect's position. In *Griffin*, this Court explained how the Sixth Circuit's prediction in *Abrams* turned out to be incorrect, stating:

> Recent decisions by Kentucky's highest court have shown this prediction to be mistaken and, instead, have affirmed the application of § 188's most-significant-relationship test, even where the parties have expressly agreed to have their contractual rights and duties governed by a particular state's laws. In its 2009 decision in *Saleba v. Schrand*, the Kentucky Supreme Court made no distinction between contractual disputes where the underlying contract contained an explicit choice-of-law clause and those that did not, stating: "First and foremost, Kentucky has consistently applied § 188 of the Restatement (Second) of Conflict of Laws to resolve choice of law issues that arise in *contract* disputes." 300 S.W.3d at 181 (emphasis in original). But there was no express choice-of-law provision at issue in *Saleba*, and the Kentucky Court ultimately found that the underlying dispute (which dealt with the discoverability of allegedly privileged communications) was neither a tort nor a contract issue. *Id.* However, the Kentucky Supreme Court's subsequent 2012 decision in *Schnuerle* makes clear Kentucky's position as to which analytic framework—§ 187 or § 188—is

appropriate in instances where the underlying contract contains a choice-of-law provision.

*Schnuerle* dealt with a service agreement that contained an arbitration clause that contained an express choice-of-law provision designating that the law of New York would apply to the construction, interpretation, and enforcement of that agreement. 376 S.W.3d at 566. Relying on *Breeding*, the Jefferson Circuit Court declined to apply the choice-of-law provision and, instead, applied Kentucky law to determine whether the arbitration clause was enforceable. The Kentucky Court of Appeals, without specifically addressing the choice-of-law issue, also applied Kentucky law, thereby implicitly affirming the circuit court on that point. On discretionary review, the Kentucky Supreme Court affirmed the circuit court's reliance on *Breeding* and its application of § 188's most-significant-relationship test: "The *Breeding* decision held that Kentucky law should apply because Kentucky had the greater interest in, and the most significant relationship to, the transaction and the parties. Upon application of Breeding, we agree with the circuit court's conclusion that Kentucky law governs our evaluation of the Service Agreement." *Id.* at 566-67. Then, after applying several of the factors outlined in § 188(2), the Kentucky Court concluded that "there can be no doubt that Kentucky has 'the greater interest and the most significant relationship to the transaction and the parties.'" *Id.* at 567. The Kentucky Court made no mention of § 187, and, instead, focused its entire discussion on relative interests of Kentucky and New York, apparently affording no weight whatsoever to the parties' contractual choice-of-law provision. *See id.*

Therefore, while the Court understands the Sixth Circuit's logic in predicting that Kentucky courts would adopt § 187, in light of these recent decisions by Kentucky's highest court, the Court will decline to follow that prediction and, in accordance with *Schnuerle*, instead apply § 188's most-significant-relationship test . . . .

*Id.* at 709-10. Thus, while the guaranties in *Griffin* did include choice of law provisions, this Court still relied upon Section 188 in determining the enforceability of those provisions. *See id.* at 710.

While Prospect disagrees with this Court's reliance upon *Stice*, this Court properly relied upon *Stice*, in applying Section 188 of the Restatement (Second) of Conflicts of Laws for the reasons outlined in *Griffin*. Likewise, this Court did not err in concluding that Kentucky has the most substantial relationship to the agreements in this case.

6

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider (DN 34) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 21, 2016

cc: counsel of record