Our Client#        55914.

## PLAINTIFF'S AGREEMENT TO PAY PROCEEDS CONTINGENT ON SUCCESSFUL SETTLEMENT, JUDGMENT OR VERDICT AND RECEIPT OF PROCEEDS; AGREEMENT TO ASSIGN PROCEEDS
### (Hereinafter referred to as "Plaintiff's Agreement")

THIS AGREEMENT is made and entered into this date, 10/23/2009 by and between Cambridge Management Group, LLC. , a Delaware corporation ("CMG"), and its successors and/or assigns, with address at 266 Harristown Road, Suite 300, Glen Rock, NJ 07452,  and Christopher and Holly Boling, ("Plaintiff" and (his or her) successors and/or assigns, with address at 107 Wilson Court , EDMONTON, KY 42129.

### WITNESSETH:

A.  Plaintiff has commenced, or will commence, an action Index number 1;09CV-67-M Known as Christopher Boling and Holly Coleman Boling, in their individual capacities v. Blitz USA, Inc., et al. (Hereafter "Litigation" and/or "Action") Due to injuries suffered in an accident on or about 05/23/2008, A copy of the face page of the complaint is attached hereto as Exhibit "A".

B.  Due to Plaintiff's injuries, Plaintiff does not have sufficient funds to pay for the necessities of life or medical care and requires an advance of funds.

C.  The defendant(s) in Plaintiff's action have declined payment at this time of any amount that Plaintiff considers fair or adequate, and that it will take an undetermined amount of time to seek justice through the courts or negotiations to otherwise persuade the defendants and/or insurance representatives to pay Plaintiff the amount to which (her or she) is entitled.

D.  Plaintiff desires to obtain funding from CMG and CMG wishes to make an investment and purchase the Proceeds in the Plaintiff's Action, according to the terms of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises the parties agree as follows:

### 1. Representations and Warranties of Plaintiff

Plaintiff represents and warrants unto CMG that as of the date of this Agreement that:
(a) Plaintiff believes the Litigation to be meritorious and filed in good faith.

(b) Plaintiff has complete rights, title, and interest in and to the Litigation and full power and authority to make and execute this Agreement.

(c) Plaintiff has not and will not assign or encumber the Proceeds from the Litigation, except as otherwise provided herein. Plaintiff grants CMG the exclusive right of "first refusal" for any additional funding that Plaintiff may wish to obtain regarding the litigation. Plaintiff may only grant additional liens, and/or assign and/or transfer a portion of the proceeds of the litigation subsequent to CMG's lien, with the written consent of CMG.

(d) Plaintiff is not now subject to any bankruptcy proceedings regarding the appointment of any trustees or receiver for all or any part of your property, including but not limited to your rights and interests in the litigation. Plaintiff does not intend to file for bankruptcy at any time in the future and there are no lawsuits or other efforts by any of your creditors to put plaintiff into bankruptcy.

(e) There are no other assignments, liens, encumbrance or security interest of any kind or nature in or relating to the Proceeds, with the exception of Attorney Fees and Case Preparation Cost or Liens noted on Schedule B.

Our Client# 55014.

**2. Contingent Nature of Repayment of Purchase of Proceeds**
Plaintiff understands that the receipts of any payment of money from CMG requires that such funds be repaid to CMG in accordance with the terms of this Agreement from the proceeds of the settlement, judgment or verdict in his/her case. CMG is to be paid only, if such proceeds are received through settlement or verdict. However, there is no obligation to repay such funds, or any part thereof, if Plaintiff's case is not successfully resolved through settlement, verdict or judgment.

**3. Agreement for Payment of Proceeds Contingent on Successful Settlement or Verdict and Receipt of Proceeds/Assignment of Proceeds**

(a) In consideration of CMG agreeing to purchase proceeds prior to settlement or judgment of Plaintiff's Action, Plaintiff instructs (his or her) counsel to pay CMG the amount of the cash advanced to Plaintiff $10,000.00, plus an Application Fee of $ 200.00, and Attorney Review Fee of $ 850.00, plus a Processing Fee of $ 225.00, plus a Broker Fee of $    .00, plus fees that may be due and owing pursuant to paragraph 3(e), as a total fee and return on the investment, which includes the sum advanced to the plaintiff pursuant to paragraph 3(e), for CMG'S services hereunder and for the purchase of proceeds. Such amount shall be paid, upon settlement, judgment or verdict of the action and the receipt of proceeds there from. This payment shall be and is by this Agreement an Assignment of Proceeds of Plaintiff's settlement, judgment or verdict proceeds.

(b) Notwithstanding the foregoing, In the event there is no recovery from settlement or verdict in the Action, Plaintiff will owe no money to CMG and Plaintiff shall have no liability whatsoever to CMG.

(c) CMG agrees to invest in Plaintiff's lawsuit(s), claim(s) or case(s), and pay the sum of $10,000.00 on the basis of execution of this Agreement as the price for the purchase of the proceeds from the Plaintiff. Plaintiff's Irrevocable Grant of Lien, Assignment of Proceeds, Lien Payment Instructions and Attorney Acknowledgment of Lien (collectively, the "Agreements"), all which are incorporated herein by this reference and made part hereof.

(d) Plaintiff and CMG agree and understands that a recovery is considered contingent and not definite, and there are no guarantees from anyone, including the Plaintiff's Attorney, that the Action will be successfully settled or that there will be successful verdict or judgment.

(e) In the event that there is a recovery of money and payment is received by CMG on or before 4/23/2010, then CMG will accept as a Total Fee and return on the investment the sum of $15,100.95, which includes a fee of 4.99% of $11,275.00 compounded monthly from 10/23/2009 . In the event that there is a recovery of money and payment is received by CMG after 4/23/2010, then CMG will accept as a Total Fee and return on the investment the sum of  $15,100.95 plus  4.99% of $15,100.95, compounded monthly following 4/23/2010, Plaintiff's Attorney shall contact CMG prior to disbursing the Funds for a current Total Fee and return on the investment of CMG.

**4. Order and Priority of Payment of Proceeds/Lien**

(a) Plaintiff agrees to grant a lien on the proceeds of any settlement, judgment or verdict to CMG and agrees that no lien will be granted by Plaintiff from this date onward which is superior to that granted herein, except as may otherwise be required under law. Plaintiff acknowledges that the only existing liens in existence against proceeds of Plaintiff's Action are those set forth on Schedule B hereto. Plaintiff agrees that Plaintiff will grant no further liens, except those, which are mandated by law and or/which CMG has given prior written consent. Plaintiff agrees that CMG'S Irrevocable Lien shall not be subordinated to any other liens of record with the EXCEPTION of ATTORNEY FEES and CASE PREPARATION COST or other liens as noted in the Plaintiff's Schedule B.

(b) Plaintiff agrees that proceeds, if any, at successful settlement, judgment or verdict will be paid to CMG First, pursuant to the Agreements, before the Plaintiff is entitled to receive any proceeds. Plaintiff agrees and instructs (his or her) attorney to make payment of $15,100.95 plus any greater sum as may be due and owing pursuant to paragraph 3(e), to Cambridge Management Group, LLC upon receipt of settlement.  This is to be paid immediately after payment of Attorney's Fees and Case Preparation cost and prior to final distribution to Plaintiff

Our Client#     55814.

of any settlement, judgment or verdict proceeds.  Plaintiff, hereby waives any defenses to payment of this amount, and hereby agrees not to seek to avoid payment of this Agreement or to reduce the amount due CMG.

## 5. Further Representations of Plaintiff

(a) Plaintiff represents that (he or she) has been advised that only if Plaintiff was unable to find other entities for funding would CMG make an investment and consider to purchase proceeds from Plaintiff.

(b) Plaintiff represents that (he or she) has contacted other entities and these entities have refused to purchase proceeds from the Plaintiff.

(c) Plaintiff acknowledges that CMG has advised them to have an attorney review this Agreement and Plaintiff has sought and obtained the advise of legal counsel before signing this Agreement or has waived the right to do so.

(d) Plaintiff acknowledges that CMG and Plaintiff's attorney has explained to Plaintiff the terms of the investment in the purchase of proceeds, and the amount that shall be repaid at the time proceeds are received from Plaintiff's Action and that all questions regarding this Agreement have been explained by CMG and (his or her) legal counsel to the Plaintiff's satisfaction.

(e) Plaintiff acknowledges that (he or she) fully understands the terms of this Agreement and entered into this Agreement of (his or her) own free will.

## 6. Covenants of Plaintiff

The Plaintiff agrees and covenants with CMG that:

(a) The Collateral (case files) shall be kept at the office of Breen & Morgan and Plaintiff shall not change the location of the Collateral without the prior written consent of CMG.  As a result of this Agreement, Plaintiff agrees to continue the Action with the above mentioned law firm.  In the event alternative counsel is substituted, the amount set forth in paragraph 3(e), sufficient to satisfy in full the Irrevocable Lien, will become immediately due and payable to CMG.  CMG may take all means necessary to collect all monetary sums due it.

(b) Plaintiff shall not at any time cause or suffer any part of the Collateral or any interest in any of the Collateral to be subject to any security interest other than of CMG.

(c) Plaintiff shall defend the Collateral against the claims and demands of all persons other than CMG.

(d) At the request of CMG, at any time and from time to time, Plaintiff and/or his attorney shall execute such statements and other documents, pay such filing, recording and other fees, and do or cause to be done such other acts or things as CMG deems reasonably necessary to establish, protect and continue its interest hereunder.

(e) Plaintiff shall pay all cost, expenses, charges and other obligations, including without limitation, reasonable attorney fees, suffered or incurred by CMG to protect, preserve, maintain and obtain possession of or title to the Collateral, to protect, preserve and maintain the security interest granted by this Agreement and to enforce or assert any one or more of its rights, powers, remedies and defenses under this Agreement.

## 7. Books and Records; Inspection

Plaintiff shall keep and maintain, at his or her expense, complete records of the pending case.  CMG shall have the right at any time and from time to time, without notice, to call at Plaintiff's place of business or his/her attorney's office during normal business hours to inspect the case files and to inspect the correspondence, books and records relating to the Plaintiff's case or claim.

Our Client# 55614.

## 8. Events of Default and/or Fraud

(a) Plaintiff shall be in default under this Agreement if Plaintiff fails timely to observe and perform any covenants, conditions or agreements required to be observed or performed by Plaintiff under this Agreement, or if Plaintiff defaults upon material promise in the obligation. In the event Plaintiff defaults under this Agreement, as described herein, CMG shall be entitled to equitable relief as may be appropriate, including an order for specific performance in the venue as set forth in this Agreement. Plaintiff further waives all questions of personal jurisdiction or venue for purposes of enforcing this Agreement. In the event that Plaintiff intentionally and/or negligently defaults in the performance of any obligation required to protect and preserve the Litigation, Plaintiff shall be liable to CMG for the amount set forth in Paragraph 3(e), plus attorney fees, interest and costs.

(b) In the event that a court of competent jurisdiction determines that Plaintiff fraudulently induced CMG to enter into this Agreement, Plaintiff shall be liable to CMG for the amount set forth in paragraph 3(e), plus attorney fees, interest and costs.

## 9. Notices

Any notice required by this Agreement or given in connection with it, shall be in writing and shall be given to appropriate party by personal delivery or by certified mail; postage prepaid or recognized overnight delivery services. Plaintiff agrees to notify CMG within five (5) days of any change of residential address.

## 10. Choice of Forum and Law in the Event of a Dispute(s)

(a) In the event of any dispute hereunder, Plaintiff agrees that Plaintiff's attorney shall not disburse any proceeds to Plaintiff prior to settlement or resolution of the dispute, and that all proceeds from the Litigation shall remain in the Plaintiff's attorney's escrow account except that Attorney may disburse Attorney fees and disbursements to Attorney upon written notice to CMG of the amount to be disbursed to Attorney.

(b) Plaintiff acknowledges and agrees that any and all disputes that arise concerning the terms, conditions, interpretation or enforcement of this Agreement shall be determined through arbitration pursuant to the Rules and methods outlined by the American Arbitration Association in New Jersey, or in a Court of competent jurisdiction, at the election of CMG or Plaintiff. Plaintiff agrees that the laws of the State of New Jersey shall control the interpretation of this Agreement.

(c) It is also understood, acknowledge and agreed that the Plaintiff will indemnify CMG against any and all losses, liability, set back and expenses, including but not limited to, attorney fees resulting from or arising out of the enforcement of this and all attached Agreements.

## 11. Validity

Should any provision or paragraphs in this Agreement be deemed unenforceable or invalid, such unenforceability or invalidity shall not affect the validity or enforceability of the balance of the terms and condition of this Agreement.

## 12. Confidentiality

CMG agrees that all information and materials received are confidential and will not be shared with any party other than the Plaintiff or his or her attorney.

## 13. Headings

Headings used in this Agreement are provided for convenience only and shall not be used to construe meaning or intent.

**14. Merger/Entire Agreement**

The Parties hereto agree that this Agreement, the Plaintiff's Agreement to Pay Proceeds Contingent on Successful Settlement, Judgment or Verdict and Receipt of Proceeds and Agreement to Assign Proceeds, the Attorney Acknowledge of Irrevocable Lien and Assignment to CMG and Plaintiff's Irrevocable Grant of Lien, Assignment of Proceeds and Lien Payment Instructions constitute the entire agreement of the parties hereto and that all prior and contemporaneous discussions between an among the parties are merged herein. Plaintiff understands and acknowledges that he/she may be required to enter into additional agreements in furtherance of Plaintiff's obligations pursuant to this agreement.

**IN WITNESS WHEREOF**, the parties have affixed their signatures on the date first hereinabove written.

Plaintiff, Christopher Boling

State of Kentucky )ss
County Metcalfe

On this day 10/23/09 before me personally appeared Christopher Boling
To me known to be the person described in and who executed the foregoing instrument and acknowledged that
Christopher Boling executed the same as his free act and deed.

Notary Public
My Commission Expires:

Plaintiff, Holly Boling

State of Kentucky )ss
County Metcalfe

On this day 10/23/09 before me personally appeared Holly Boling
To me known to be the person described in and who executed the foregoing instrument and acknowledged that
Holly Boling executed the same as his free act and deed.

Notary Public

5 of 9

Our Client# &5614.

<u>PLAINTIFF'S SCHEDULE B</u>

NAME AND ADDRESS OF LAW FIRM WITH LIEN ON CASE

Breen & Morgan
870 Fairview Ave
Bowling Green, KY 42101

JANET, JENNER & SUGGS, LLC
500 Taylor St.
Ste. 301
Columbia, SC 29201

WALKER & MORGAN, LLC
135 East Main Street
P O Box 949
Lexington, SC 29072

OTHER PRIOR SUPERIOR LIENS
AS OF THE DATE OF THIS AGREEMENT

Medical Liens 1,000,000

OCT-23-2009 12:52 From:BARRY GILLEY          2704327199          To:12014877455          P.3/4

Our Client#    55614.

## PLAINTIFF'S IRREVOCABLE GRANT OF LIEN, ASSIGNMENT OF PROCEEDS AND LIEN PAYMENT INSTRUCTIONS
### Cambridge Management Group, LLC

1. This document is an Irrevocable Grant of Lien against the proceeds I may receive in connection with an Action in which I am the Plaintiff and an Irrevocable assignment of my Settlement, Verdict and/or Judgment Proceeds in connection with the Action entitled Christopher Boling and Holly Coleman Boling, in their individual capacities v. Blitz USA, Inc., et al., Index number 1:09CV-67-M. The amount of lien and proceeds I hereby assign is $15,100.95 plus any greater sum as may be due and owing pursuant to paragraph 3(e) of the Plaintiff's Agreement.

2. I acknowledge this lien and my Irrevocable instructions here by signing below. I instruct you to the terms delineated specifically herein and in the "Plaintiff's Agreement" and the "Attorney's Acknowledgment of Irrevocable Lien", all of even date herewith (the "Agreements"). I acknowledge that the Irrevocable nature of this grant of lien, assignment of proceeds and lien payment instructions has been coupled with a security interest in the nature of an advance of funds to me, which is also part of the consideration for this Agreement.

3. I hereby authorize and direct you, as my attorney, Breen & Morgan, its Successors and/or Assigns and any subsequently engaged by Plaintiff, whether in addition to or in substitution for and whether or not notice thereof was given by CMG, to pay directly to Cambridge Management Group, LLC (hereinafter "CMG") sums due and owing for the purchase of proceeds from me and for which I have granted this lien in the sum of $15,100.95 (the "Payment") plus any greater sum as may be due and owing pursuant to paragraph 3(e) of the Plaintiff's Agreement. The Payment amount shall be and is an Irrevocable lien on the proceeds of my Action until it is repaid.

4. The Payment amount CMG due shall be withheld from any settlement(s), judgment(s), verdict(s) or award(s) I receive, if any, as a result of my injury and claim. The Payment is to be paid immediately after attorney's fees and case preparation cost, but prior to final distribution to me of any settlement, judgment or verdict proceeds in accordance with the Agreements.

5. This lien shall not be subordinated to any other liens of record with the exception of attorney fees and case preparation cost or other liens as noted in Schedule B of the Plaintiff's Agreement.

6. In the event of a dispute between CMG and the undersigned, I instruct my attorney to disburse no proceeds, except for attorney's fees, disbursements and recognized liens, until the matter is resolved, and that all proceeds shall remain in my attorney's escrow account.

DATE: 10/23/09

AGREED: _____
Christopher Boling

State of Kentucky )ss
County of Metcalfe )

On this 10/23/09 before me personally appeared Christopher Boling to me known to be the person described in and who executed the foregoing instrument and acknowledged that Christopher Boling executed the same as his free act and deed.

Notary Public: _____

7 of 9

Our Client#    06814.

DATE: _10/23/09_

AGREED: _Holly Boling_
              Holly Boling

State of _Kentucky_ )
County of _Metcalfe_ )ss

On this _10/23/09_, before me personally appeared Holly Boling
to me known to be the person described in and who executed the foregoing instrument and acknowledged that
_Holly Boling_ executed the same as his free act and deed.

Notary Public: _Barry D Gilley_
                      12-6-09

8 of 9

Our Client# 55614.

## ATTORNEY ACKNOWLEDGMENT OF IRREVOCABLE LIEN AND ASSIGNMENT TO CAMBRIDGE MANAGEMENT GROUP, LLC

### RE: Christopher and Holly Boling

The undersigned attorney for Christopher and Holly Boling, (hereafter "Plaintiff"), and (his or her) successors and/or assigns, acknowledges receipts of the Plaintiff's Agreement and the Agreement to Assign Proceeds and the Irrevocable Plaintiff's Lien. Attorney agrees to distribute any proceeds of the Litigation known as Christopher Boling and Holly Coleman Boling, in their individual capacities v. Blitz USA, Inc., et al., in accordance with the terms of all Agreements signed and notarized by the Plaintiff in favor of Cambridge Management Group, LLC.

That I have been instructed, by the Plaintiff, to provide sufficient Monies or proceeds in the amount of **$15,100.95,**, plus any greater sum as may be due and owing pursuant to paragraph 3(e) of the Plaintiff's Agreement, necessary to satisfy in full all the Agreements signed by the Plaintiff. This will be paid immediately after attorney fees and any liens defined in Schedule B or which the Plaintiff is obligated under law to pay, prior to any final distribution to the Plaintiff or (his or her) successors and/or assigns.

This Irrevocable lien shall not be subordinated to any other liens of record with the **EXCEPTION** of **ATTORNEY FEES** and **CASE PREPARATION COST** and other liens as noted in the Plaintiff's Schedule B or which the Plaintiff is obligated under law to pay. The balance of the proceeds of the Litigation, IF ANY, shall not be paid to Plaintiff, unless and until Plaintiff's Irrevocable Lien to CMG is satisfied in full. Plaintiff's Irrevocable Lien to CMG shall be paid without consent from Plaintiff's successors, assigns and/or heirs. In the event of any settlement or structured settlement, no funds shall be distributed to the Plaintiff or (his or her) successors, until such time as the total amount due has been paid in full from the proceeds of the Litigation. I hereby consent and agree to fully execute this document to pay Cambridge Management Group, LLC all funds due them at the close of this case, before final distribution to the Plaintiff or (his or her) successors and/or assigns.

Attorney represents and warrants the Plaintiff's proceeds will flow through the Attorney's Trust/Escrow account and be distributed by the Attorney to Plaintiff only after first satisfying CMG's lien.

In the event that the Attorney ceases representation of the Plaintiff's case at any time, Attorney shall immediately give written notice via certified mail return receipt requested, to Cambridge Management Group, LLC at 266 Harristown Road Suite 300 Glen Rock, NJ 07452.

By execution hereof, I am solely and only following the instructions of the Plaintiff. I make no statements, render no opinion and proffer no guarantee as it pertains to the possibility of recovery of some or any Proceeds as a result of the Litigation. By the execution hereof, I assume no duties or obligations to Cambridge Management Group, LLC other than the ministerial duties of disbursement and of furnishing requested information as specifically outline herein.

ACKNOWLEDGE _____   Print _Mike Breen_ DATE: 10.24.21
Attorney for the Plaintiff(s)

Licensed in the state of _Ky_   Bar Number _07345_

9 of 9