04/18/2013 14:15    0000000000                                          PAGE 02/12
04/18/2013 13:33    2703841478          DPA                             PAGE 02/12
04/18/2013 09:57    0000000000                                          PAGE 02/12

# PURCHASE AGREEMENT

## DISCLOSURE STATEMENT

**PROSPECT FUNDING PARTNERS**

Purchaser: Prospect Funding Holdings LLC (Prospect)
Purchase Price: $10,000
Fees: $1,800
Rate: 4.99% - compounded monthly

The schedule below shows the Prospect Ownership Amount based on 6 month increments subject to a six month minimum.

**Total Prospect Ownership Amount:**

| Payment Schedule | | Prospect Ownership Amount |
|---|---|---|
| At or Before October 19, 2013 | (6 Months) | $15,604 |
| At April 17, 2014 | (12 Months) | $21,267 |
| At October 8, 2014 | (18 Months) | $28,949 |
| At April 6, 2015 | (24 Months) | $37,969 |
| At October 3, 2015 | (30 Months) | $50,853 |
| At March 31, 2016 | (36 Months) | $66,109 |
| At April 1, 2016 and thereafter (4.99% a month) | | |

IF SELLER COMPLIES WITH THIS PURCHASE AGREEMENT AND RECOVERS NOTHING FROM THE LEGAL CLAIM CITED BELOW, THEN PURCHASER SHALL RECEIVE NOTHING.

SELLER IS NOT ENTITLED TO RECEIVE ANY PROCEEDS UNTIL PURCHASER HAS RECEIVED THE PROSPECT OWNERSHIP AMOUNT. IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.3), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.8), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 9.A), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 9.3), OR DOES NOT COMPLY WITH THIS PURCHASE AGREEMENT, SELLER SHALL PAY TO PROSPECT FUNDING HOLDINGS LLC, THE PROSPECT OWNERSHIP AMOUNT THAT WOULD BE DUE AT 48 MONTHS IMMEDIATELY REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.

**Payment Limitation:** Seller's obligation to pay the Prospect Ownership Amount is limited to amounts recovered by Seller in the Legal Claim.

**No Further Sales:** Seller may not receive any future advances based on the Legal Claim without the prior written consent of Purchaser.

**Fully Informed:** Seller fully understands the terms and conditions of this Purchase Agreement, including the IMPORTANT INFORMATION, and Seller has had an opportunity to read this Purchase Agreement and to consult with such advisors as Seller deems appropriate, including attorneys and tax advisors. Seller has not relied on any statement, assurance, representation or warranty, whether written or oral, of Purchaser or any other person in connection with Seller's decision to enter into this Purchase Agreement.

SELLER: Christopher Boling    Address: 2692 Murray Avenue, Apt 1, Louisville, KY 40205
Home Phone: 270-908-0365    Work Phone: ___    Other Phone: ___
Drivers License #: B03-007-474    State Issued: KY    SS #: 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    Date of Birth: ___

SELLER: Holly Boling    Address: 2692 Murray Avenue, Apt 1, Louisville, KY 40205
Home Phone: 270-908-0365    Work Phone: ___    Other Phone: ___
Drivers License #: C95-402-785    State Issued: KY    SS #: 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    Date of Birth: ___

Legal Claim: Christopher & Holly Coleman Boling in their individual capacities vs. Blitz USA, et al., a Product Liability Case that is currently being pursued by my attorney, "Michael Breen, Esq."

Seller sells and assigns all of Seller's right, title and interest in and to the Purchased Interest to Purchaser, and Purchaser purchases the Purchased Interest from Seller on the terms and conditions provided in this Purchase Agreement.

The purchase of the Purchased Interest shall entitle Prospect Funding Holdings LLC to receive the Prospect Ownership Amount. As consideration for the sale of the Purchased Interest, Purchaser shall pay the Purchase Price to Seller. Capitalized terms have the meanings set forth in Section 1 of the IMPORTANT INFORMATION attached.

I certify that I have read and agree to the DISCLOSURE STATEMENT above and the IMPORTANT INFORMATION attached. I agree to be bound by the terms and conditions of this Purchase Agreement. This Agreement shall not be effective until the Purchase Price is paid to Seller.

Seller's Signature: _Christopher Boling_    Date: 4/18/13
_Holly Boling_

By: _signature_
A. Mark Berlin, Jr.
Purchaser Signature
Its Manager
For Prospect Funding Holdings LLC    Date: 4/23/13

Page 1 of 8    Christopher & Holly Boling 04/17/2013    Initial: ___

P. 002/012    FAX NO.    APR/18/2013/THU 12:38 PM

## IMPORTANT INFORMATION

**Background**

Seller is the plaintiff in the Legal Claim. In order to ensure the receipt of some proceeds in connection with the Legal Claim without regard to its outcome, Seller desires to sell an interest in the Proceeds to Purchaser. Purchaser desires to purchase an interest in the Proceeds from Seller and assume risk of resolution of the Legal Claim.

**SECTION 1.  DEFINITIONS.**

1.1  "Fees" means all amounts for administration, processing, review, documentation and third party costs of transaction under this Purchase Agreement. Seller shall pay to Purchaser total fees of $1,800.

1.2  "Legal Claim" means (a) the pending legal claim and/or lawsuit which the seller is engaged as a result of injuries arising out of a Personal Injury, Workers' Compensation or other claim; (b) all applicable proceedings, proceedings on appeal or remand, enforcement, ancillary, parallel, or alternative dispute resolution proceedings and processes arising out of or relating to such case; (c) any other proceedings founded on the underlying facts giving rise to such case in which Seller is a party; and (d) any arrangements made with Seller with another party to such case which resolves any of the Seller's claims against such party.

1.3  "Proceeds" means all property or things of value payable on account of the Legal Claim including, without limitation, cash, negotiable instruments, contract rights, annuities and securities whether obtained by judgment, settlement, arbitral award or otherwise. Without limitation of the foregoing, "Proceeds" shall include a reasonable estimate of the monetary value of all non-cash benefits receivable by Seller on account of the Legal Claim.

1.4  "Prospect Ownership Amount" is the amount the Purchaser is to be paid out of the Proceeds and as determined as of the date the Purchaser received payment based on payment of the Purchase Price plus Fees times 4.99% compounded monthly, subject to a six month minimum payment.

1.5  "Purchased Interest" means the right to receive a portion of the Proceeds equal to the Prospect Ownership Amount on the further terms and conditions provided for in this Purchase Agreement.

1.6  "Seller's Attorney" means, collectively, Michael Breen, Esq., which is Seller's attorney(s) in respect of the Legal Claim and any substitute, new or additional attorney representing Seller in the Legal Claim.

**SECTION 2.  SELLER'S STATEMENTS.** Seller states to Purchaser as follows:

2.1  Title; Capacity. Seller believes the Legal Claim to be meritorious and filed in good faith. Seller is the plaintiff in the Legal Claim and has full right, title and interest in, to and under the Legal Claim and the Proceeds. Seller has the capacity and authority to enter into this Purchase Agreement and perform Seller's obligations set forth in this Purchase Agreement.

2.2  Effect of Purchase Agreement; Binding and Enforceable. The execution, delivery and performance of this Purchase Agreement and the obligations set forth in this Purchase Agreement do not conflict with, or result in the breach or termination of, any provision of, or constitute a default under, any instrument or Purchase Agreement to which Seller is a party. This Purchase Agreement constitutes the legal, valid and binding Purchase Agreement of Seller, enforceable in accordance with its terms.

2.3  Information True, Complete and Correct. Seller has provided Purchaser with true, correct and complete copies of all documents requested by Purchaser in connection with its examination of the Legal Claim. Seller has truthfully and completely responded to all questions asked by Purchaser in connection with the Legal Claim. Seller has informed Purchaser of the status of all actions, facts and circumstances that materially affect or impair the Legal Claim, Seller's rights in connection with the Legal Claim or the amount of the Proceeds. All documents and responses provided to Purchaser do not make any untrue statements of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**SECTION 3. SELLER'S ACKNOWLEDGEMENTS.** Seller acknowledges the following:

3.1  Risk of Loss; No Loan Transaction. The purchase of the Purchased Interest and the other transactions contemplated by this Purchase Agreement involve a substantial economic risk and a bona fide risk of loss to Purchaser. The Prospect Ownership Amount has been negotiated to account for such risk. The sale and assignment of the Purchased Interest is an

Page 2 of 8          Christopher & Holly Boling  04/27/2013                         Initial *CCB* / *HB*

absolute assignment and not a loan secured by a collateral assignment of the Purchased Interest.

3.2    **No Attorney-Client Relationship; No Obligations with Respect to Legal Claim.** Purchaser is not engaged in the practice of law and is not serving as Seller's attorney. Purchaser's sole obligation under this Purchase Agreement is to pay the Purchase Price hereunder. Purchaser does not assume or have any responsibility or obligation of any kind whatsoever to Seller or Seller's Attorney in connection with the Legal Claim, including, without limitation, any obligation to pay court costs or other expenses.

3.3    **No Direction as to Use of Purchase Price.** Purchaser has imposed no conditions on Seller's use of the Purchase Price.

3.4    **No Previous Assignment.** Seller has not sold, assigned, pledged, transferred, or encumbered any interest in the Legal Claim or the Proceeds. There are no pending or threatened claims, liens that have not been repaid in the Agreement, assignments, encumbrances or judgments against Seller or Seller's assets that would materially impair the value, priority or collectability of the Proceeds payable to Seller in connection with the Legal Claim or the amounts owed to Purchaser pursuant to this Purchase Agreement.

## SECTION 4. PURCHASER'S ACKNOWLEDGEMENT.

4.1    Purchaser acknowledges and agrees that Purchaser shall have no right to and will not make any decisions with respect to the conduct of the Legal Claim or any settlement or resolution thereof and that the right to make such decisions remains solely with Seller and Seller's Attorney.

## SECTION 5. SELLER'S AGREEMENTS. Seller agrees as follows:

5.1    **Treatment of Transaction.** Seller agrees to treat and report the sale and purchase of the Purchased Interest as a sale transaction and not as a loan for all purposes (including tax purposes).

5.2    **Treatment in Bankruptcy.** If Seller commences or has commenced against it any case or other proceeding pursuant to any bankruptcy, insolvency or similar law prior to payment of the full Prospect Ownership Amount to Purchaser, Seller shall cause the Purchased Interest to be described as an asset of Purchaser (and not as a debt obligation of Seller) in any oral or written communications, including, without limitation, any schedule or other document filed in connection with such case or proceeding.

5.3    **No Further Assignment.** Seller shall not sell, assign, pledge, or transfer (whether voluntarily, by operation of law or otherwise) any interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser, except for transfers by intestate due to Seller's death. In the event an interest in the Legal Claim or the Proceeds is transferred by intestate due to Seller's death, Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller shall not permit or grant any security interest, lien, or encumbrance to attach to Seller's interest in the Legal Claim or the Proceeds without the prior written consent of Purchaser.

5.4    **Prosecution of Claim.** Seller intends to use its best efforts to prosecute the Legal Claim and to bring the Legal Claim to good faith settlement or final judgment. Upon settlement or final judgment, Seller shall use its best efforts to enforce collection of all sums due pursuant to any judgment or other award made with respect to the Legal Claim.

5.5    **Requests for Information.** At Purchaser's reasonable request, Seller agrees (and Seller's Attorney is authorized by Seller) to provide to Purchaser copies of non-privileged materials including: (a) pleadings, notices, orders, motions, briefs or other documents filed in the Legal Claim by any person or party, (b) correspondence, Purchase Agreements, or written proposals, or written summaries of any oral Purchase Agreements or proposals, from or to Seller or Seller's Attorney or the Proceeds, (c) all medical records of Seller or information regarding any medical lien, and (d) documents relating to any other material developments with respect to the Legal Claim or the Proceeds.

5.6    **Mandatory Documents and Reports of Supplementary Information.** Seller shall provide Purchaser with prompt written notice of: (a) any receipt by Seller or Seller's Attorney of Proceeds and (b) any notices of or documents evidencing any receipt of payments or promises to make payments on account of the Legal Claim.

5.7    **Facilitation of Payments.** If Seller's Attorney or any other person possesses Proceeds that are payable to Purchaser, Seller shall execute and deliver such documents or other instruments and take such other actions as may be reasonably

Page 3 of 8           Christopher & Holly Bolling  04/17/2013                                Initial [signature]

requested by any person to direct or otherwise facilitate the payment of such Proceeds to Purchaser.

5.8  Substitution of Attorneys in the Legal Claim. If Seller determines to hire new or additional attorneys to represent Seller in the Legal Claim, Seller agrees that, prior to such hiring, Seller shall (a) provide Purchaser with written notice of such determination and (b) deliver a copy of the Irrevocable Letter of Direction to such new or additional attorney, (c) require such new or additional attorney to execute and deliver to Purchaser an Attorney Acknowledgement of the Irrevocable Letter of Direction. Any such new or additional attorney(s) shall be considered part of "Seller's Attorney in the Legal Claim" upon such hiring for all purposes of this Agreement.

5.9  Restrictive Agreement. Seller shall use reasonable efforts not to enter into any settlement agreement or covenant that restricts Purchaser's access to (or Seller's obligation to provide to Purchaser) information relating to the Proceeds or any settlement in connection therewith.

5.10  Waiver of Defenses. Seller waives any and all defenses with respect to the sale of the Purchased Interest and agrees not to avoid payment of any Proceeds that are payable to Purchaser. Seller has not, and shall not, directly or indirectly, in any manner, delay, seek to prevent, impair or frustrate the rights granted to Purchaser under this Purchase Agreement or payment of the Purchased Interest sold to Purchaser.

## SECTION 6. PAYMENT AND PRIORITY.

6.1  Priority Payment to Purchaser. Purchaser and Seller acknowledge that the Purchased Interest may be worthless. Purchaser accepts the risk of loss with respect to the Purchased Interest. Seller's obligation to make payments to Purchaser pursuant to this Purchase Agreement is limited to amounts recovered by Seller in the Legal Claim unless Seller defaults under this Purchase Agreement. The Prospect Ownership Amount shall be determined as of the date Prospect Funding Holdings LLC receives payment in full from or on behalf of Seller. Seller shall not be entitled to receive any Proceeds until Purchaser has received the Prospect Ownership Amount. Purchaser shall have the option, but not the obligation, to accept non-cash consideration on account of the Prospect Ownership Amount and may require Seller to accept non-cash consideration while Purchaser receives cash consideration. If the Proceeds are insufficient to pay the Prospect Ownership Amount in full, Purchaser shall receive all of the Proceeds. In any settlement of the Legal Claim where non-cash consideration is being paid to Seller, Seller agrees to use its reasonable best efforts to cause the adverse party in the Legal Claim to include sufficient cash to pay the Prospect Ownership Amount to Seller in full upon the initial payment of Proceeds.

6.2  Timely Payment. All amounts owing to Purchaser on account of the Purchased Interest shall be paid to Purchaser to the extent that Proceeds from the Legal Claim are available to make payments to Purchaser. Seller shall pay such amounts to Purchaser within ten days of receipt of the Proceeds in the Legal Claim by Seller or Seller's Attorney, whichever occurs first. Amounts that are not paid in this timely manner shall earn interest at the highest rate permitted by law until paid in full.

6.4  Costs of Collection. In addition to the Prospect Ownership Amount, all costs and expenses incurred by Purchaser in collecting the Prospect Ownership Amount shall be and become an additional amount owed to Purchaser pursuant to this Purchase Agreement including legal fees and expenses.

6.5  Power of Attorney. Seller irrevocably designates, makes, constitutes and appoints Purchaser (and all persons or entities designated by Purchaser) as Seller's true and lawful agent and attorney-in-fact for all matters relating to this agreement and the collection of payments due under this agreement and during the continuation thereof, with power, without notice to Seller, and at such time or times as Purchaser, in its sole and absolute discretion, may determine, in Seller's or Purchaser's name; (a) to provide Seller's Attorney with irrevocable written instructions that the Prospect Ownership Amount be paid directly to Purchaser in accordance with the terms of this Purchase Agreement; and (b) to do all acts and things necessary, in Purchaser's sole discretion, to fulfill Seller's obligations under this Purchase Agreement.

6.6  Manner of Payment. All amounts payable to Purchaser pursuant to this Purchase Agreement shall be paid to Purchaser at the address for Purchaser provided in this Purchase Agreement or as otherwise provided by notice to Seller from Purchaser. Cash amounts shall be paid by check, in immediately available funds. In the event that settlement checks are sent to Seller's Attorney as two separate checks, one payable solely to Seller and one payable solely to Seller's Attorney, Seller authorizes and directs Seller's Attorney to pay Purchaser the Prospect Ownership Amount from Seller's settlement check. If doing so requires Seller's Attorney to deposit Seller's settlement check in the client's trust account, then Seller explicitly authorizes Seller's Attorney to do so in order to pay the Prospect Ownership Amount to Purchaser. Seller irrevocably directs Seller's Attorney to comply with these instructions.

Page 4 of 8                    Christopher & Holly Boling  04/17/2013                   Initial ___

SECTION 7. EVENT OF DEFAULT; REMEDIES; TERMINATION; RECISSION.

7.1  Event of Default. The breach by Seller of any of Seller's obligations under this Purchase Agreement including, but not limited to, terminating Seller's Attorney without notice to Purchaser, terminating Seller's Attorney and failing to retain a replacement attorney within 30 days of such termination and failing to have any replacement attorney execute and deliver an acknowledgement, shall constitute an "Event of Default" hereunder. In an Event of Default, Purchaser shall have all rights, powers, and remedies provided in this Purchase Agreement and as allowed by law or in equity.

7.2  Specific Default. IF SELLER MAKES ANY FALSE STATEMENTS IN THIS PURCHASE AGREEMENT (SEE SECTION 2.3), FAILS TO DISCLOSE A PRIOR SALE (SEE SECTION 3.4), RECEIVES ADDITIONAL ADVANCES WITHOUT PURCHASER CONSENT (SEE SECTION 5.5), REPLACES SELLER'S ATTORNEY WITHOUT OBTAINING A NEW ACKNOWLEDGEMENT FROM THE REPLACEMENT ATTORNEY (SEE SECTION 5.8), DOES NOT COMPLY WITH THIS PURCHASE AGREEMENT OR AVOIDS OR ATTEMPTS TO AVOID PAYMENT TO PURCHASER, SELLER SHALL IMMEDIATELY PAY TO PURCHASER LIQUIDATED DAMAGES IN THE AMOUNT THAT WOULD BE DUE AT 40 MONTHS IMMEDIATELY REGARDLESS OF THE OUTCOME OF THE LEGAL CLAIM OR THE AMOUNT OF THE PROCEEDS. IN ADDITION, SELLER SHALL PAY FOR ALL COLLECTION COSTS, INCLUDING ATTORNEY'S FEES AND EXPENSES OF PURCHASER.

7.3  Seller's Right of Rescission. CONSUMER'S RIGHT TO CANCELLATION: YOU MAY CANCEL THIS AGREEMENT WITHOUT PENALTY OR FURTHER OBLIGATION WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE YOU RECEIVE THE PURCHASE PRICE FROM PURCHASER.

TO CANCEL THIS AGREEMENT, YOU MUST EITHER:

(i)  RETURN THE FULL AMOUNT OF THE PURCHASE PRICE TO PURCHASER BY DELIVERING THE UNCASHED CHECK TO PURCHASER IN PERSON WITHIN FIVE (5) BUSINESS DAYS; OR

(ii) MAIL NOTICE OF CANCELLATION ALONG WITH REPAYMENT (EITHER BY RETURN OF PURCHASER'S UNCASHED CHECK, REGISTERED OR CERTIFIED CHECK, OR MONEY ORDER) BY INSURED, REGISTERED OR CERTIFIED U.S. MAIL, POSTMARKED ON OR WITHIN FIVE (5) BUSINESS DAYS OF RECEIVING THE PURCHASE PRICE, TO PURCHASER'S ADDRESS AS SET FORTH IN SECTION 8.3 BELOW.

SECTION 8.  MISCELLANEOUS.

8.1  Expenses. Except as otherwise provided in Section 8.11, all legal and other costs and expenses incurred in connection with this Purchase Agreement and the transactions contemplated hereby shall be paid by the party incurring such expenses.

8.2  Survival of Representations. All of the representations, warranties, covenants and Purchase Agreements of the parties hereto contained in this Purchase Agreement or contained in any document furnished or to be furnished hereunder shall survive the date of this Purchase Agreement.

8.3  Notices. All notices and other communications given or made pursuant to this Purchase Agreement shall be in writing. All such notices or communications shall be deemed to have been given or made delivered personally or sent by registered or certified mail (postage prepaid, return receipt requested) or delivered by reputable overnight courier to the parties at the following addresses:

If to Purchaser, to:

Prospect Funding Holdings LLC
10911 Ridgedale Drive, Suite 230
Minnetonka, MN 55305
Attn: Service Center

and if to Seller, to the address set forth on the first page of this Purchase Agreement, or at such other addresses as either of the parties hereto shall have specified in writing to the other.

8.4  Further Assurances. Seller shall, at any time, and from time to time after the date hereof, upon request of Purchaser, do, execute, acknowledge and deliver, or cause to be done, executed, acknowledged and delivered, all such further acts, assignments, transfers, conveyances, powers of attorney and assurances as may be reasonably required to carry out the terms of

Page 8 of 8          Christopher & Holly Boling   04/17/2013                          Initial _____

this Purchase Agreement and the transactions contemplated in this Purchase Agreement.

8.5 **Financing Statements and Additional Documents.** Seller irrevocably authorizes Purchaser at any time and from time to time to file in any Uniform Commercial Code jurisdiction any initial financing statements and amendments thereto. Purchaser may indicate the following information in such financial statements and amendments: (a) Purchaser's ownership interest in the Legal Claim; (b) that a portion of the proceeds that are derived from the Legal Claim are owned by Purchaser; and (c) any other information required, in Purchaser's discretion, by the Uniform Commercial Code in any relevant jurisdiction. Seller agrees to furnish any information reasonably requested by Purchaser to facilitate the objectives of this Section 8.5.

8.6 **Cumulative Rights.** Each and all of the various rights, powers, and remedies of the parties set forth in this Purchase Agreement shall be considered as cumulative, with and in addition to any other rights, powers, or remedies of such party. No one such right, power, or remedy is or shall be exclusive of the others or is exclusive of any other rights, powers, and remedies allowed by law or in equity. The exercise, partial exercise, or non-exercise of any rights, powers, or remedies shall not constitute either the election, nor the waiver, of any other rights, powers, or remedies. All rights, powers, and remedies of the parties shall survive the termination of this Purchase Agreement.

8.7 **Waiver.** Any waiver by any party of its rights under this Purchase Agreement shall be in writing and signed by the party waiving such rights. The failure of either party to enforce, at any time, any of the provisions of this Purchase Agreement or any of the rights set forth in this Purchase Agreement, shall in no way be considered a waiver of such provisions, rights, or subsequent breaches thereof.

8.8 **Headings; Number and Gender.** The sections and other headings contained in this Purchase Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Purchase Agreement. References to the singular or plural shall include the other and references to the masculine, feminine and neuter genders shall include the others, as appropriate.

8.9 **Entire Purchase Agreement.** This Purchase Agreement (including the attached Exhibits and other documents and instruments referred to herein) constitutes the entire Purchase Agreement between the parties and supersedes all other prior Purchase Agreements and understandings, both oral and written, between the parties, with respect to the subject matter of this Purchase Agreement. This Purchase Agreement may only be modified or supplemented by a written amendment executed by all of the parties hereto.

8.10 **Governing Law; Jurisdiction and Venue; Waiver of Jury Trial.** This Purchase Agreement, and all disputes, claims, or controversies arising out of or relating to this Agreement or the relationships that result from this Agreement, shall be governed, construed and enforced in accordance with the laws of the State of New York applicable to agreements between New York residents entered into and to be performed entirely in New York without regard to conflict or choice of law principles.

THE PARTIES IRREVOCABLY AGREE THAT ALL ACTIONS OR PROCEEDINGS IN ANY WAY, MANNER OR RESPECT, ARISING OUT OF OR RELATED TO THIS AGREEMENT SHALL BE LITIGATED ONLY IN COURTS HAVING SITUS IN NEW YORK COUNTY, NEW YORK. EACH PARTY CONSENTS AND SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEW YORK AND WAIVES ANY RIGHT SUCH PARTY MAY HAVE TO TRANSFER THE VENUE OF ANY SUCH ACTION OR PROCEEDING. EACH PARTY WAIVES ANY RIGHT TO TRIAL BY JURY ON ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS AGREEMENT OR ARISING FROM THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT OR ANY RELATIONSHIP BETWEEN SELLER AND PURCHASER IN CONNECTION WITH THIS AGREEMENT. EACH PARTY AGREES THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

THE PREVAILING PARTY IN ANY DISPUTE SHALL BE ENTITLED TO ALL REASONABLE ATTORNEYS' FEES AND COSTS, EXPENSES AND DISBURSEMENTS WITH RESPECT TO SUCH DISPUTE.

8.11 **Attorneys' Fees.** In the event of a failure by any party to comply with the terms of this Purchase Agreement, the breaching party will pay all costs and expenses, including reasonable attorneys' fees and costs, incurred by the non-breaching party as a consequence of breaching party's failure to comply with this Purchase Agreement.

8.12 **Counterparts and Facsimile Signatures.** This Purchase Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same Purchase Agreement. This Purchase Agreement shall be deemed duly executed by Seller and Purchaser, respectively, upon the delivery of all of their respective executed signature pages by facsimile transmission to Seller or its attorney and Purchaser, as the case may be.

8.13 **Assignment; Use of Information.** Purchaser's rights and obligations under this Purchase Agreement may be

Page 6 of 8                Christopher & Holly Boling  04/17/2013                                    Initial _____

assigned in its sole discretion without the consent of or notice to Seller. Seller's rights and obligations under this Purchase Agreement may not be assigned or transferred without the written consent of Purchaser, except for transfer by intestate due to Seller's death in which case Seller's heirs, estate executors and personal representatives will be bound by this Purchase Agreement. Seller agrees that Purchaser may share information that Purchaser obtained about Seller (whether from Seller or other person or entity) with potential assignees to whom Purchaser may assign its rights and obligations under this Purchase Agreement, provided that: (i) such information is reasonably necessary to allow a potential assignee to make an informed decision whether to take assignment from Purchaser; and (ii) Purchaser enters into an appropriate confidentiality Purchase Agreement with any such potential assignee.

8.14  No Third Party Beneficiaries; Successors and Assigns. Subject to the provisions of Section 8.13, (a) this Purchase Agreement is solely for the benefit of Purchaser and Seller) and (b) this Purchase Agreement shall be binding upon and inure to the benefit of the parties' successors, heirs, estates, executors, personal representatives and permitted assigns.

8.15  Severability. If any provision of this Purchase Agreement or the application of any such provision to any party or circumstance shall be determined by any court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Purchase Agreement, or the application of such provision to such party or circumstances other than those to which it is so determined to be invalid or unenforceable, shall not be affected, and each provision of this Purchase Agreement shall be enforced to the fullest extent permitted by law. If any such court of competent jurisdiction declares that any term or provision of this Purchase Agreement is invalid or unenforceable, the parties hereto agree that such court shall have the power to modify the scope of such term or provision, to delete specific words or phrases, and to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable, and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Purchase Agreement shall be enforceable as so modified.

8.16  Legal Representation. Seller understands and acknowledges that: (a) Purchaser has recommended that Seller engage an attorney in connection with the execution and delivery of this Purchase Agreement; and (b) Seller has been represented by or has had the opportunity to be represented by an attorney of Seller's choosing in connection with the execution and delivery of this Purchase Agreement.

8.17  Construction. Without limitation of the provisions of Section 8.16, both parties have been represented by or have had the opportunity to be represented by an attorney of their choosing in connection with the execution and delivery of this Purchase Agreement. The parties intend that this Purchase Agreement be deemed to have been prepared by all of the parties and that no party shall be entitled to the benefit of any favorable interpretation or construction of any term or provision hereof under any rule or law with respect to the construction of this Purchase Agreement.

8.18  Release to Contact Third Parties. As part of this Purchase Agreement it may be necessary to disclose information to third parties. Seller explicitly and irrevocably authorizes Purchaser to disclose any information to third parties as it deems appropriate. Seller releases Purchaser from any and all liability as a result of the release of any information.

8.19  Other Miscellaneous. Once the case has been resolved, Seller agrees not to instruct his/her attorney to not pay Prospect Funding Holdings LLC the Prospect Ownership Amount.

[Remainder of page intentionally left blank]

04/18/2013 14:15 0000000000 PAGE 09/12

04/18/2013 13:33 2703841476 DPA PAGE 09/12

04/18/2013 09:57 0000000000 PAGE 09/12

**Fully Informed:** Seller fully understands the terms and conditions of this eight (8) page Purchase Agreement. Seller has had an opportunity to read this Purchase Agreement and to consult with such advisors as Seller deems appropriate, including attorneys and tax advisors. Seller has not relied on any statement, assurance, representation or warranty, whether written or oral, of Purchaser or any other person in connection with Seller's decision to enter into this Purchase Agreement.

I certify that I have read and agree to the statements above and the entire Purchase Agreement consisting of eight (8) pages. I agree to be bound by the terms and conditions of this Purchase Agreement.

THIS AGREEMENT SHALL NOT BECOME EFFECTIVE UNTIL EXECUTED BY PURCHASER.

IN WITNESS WHEREOF, the parties hereto have caused this Purchase Agreement to be executed and be effective as of the date set forth below.

DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT COMPLETELY OR IF IT CONTAINS ANY BLANK SPACES. BEFORE YOU SIGN THIS AGREEMENT YOU SHOULD OBTAIN THE ADVICE OF YOUR ATTORNEY. YOU ARE ENTITLED TO A COMPLETELY FILLED IN COPY OF THIS AGREEMENT.

SELLER:

Christopher Boling
2022 Murray Avenue, Apt 1
Louisville, KY 40205
PFH-12-1470C

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
Social Security Number

803-007-474
Drivers License Number/
State Identification Number

KY
State of Issuance

SELLER:

Holly Boling
2022 Murray Avenue, Apt 1
Louisville, KY 40205
PFH-12-1470C

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
Social Security Number

Drivers License Number/
State Identification Number

KY
State of Issuance

**CERTIFICATION OF SELLER'S ATTORNEY:**
The undersigned hereby certifies to Purchaser that the undersigned has reviewed the terms and conditions of this Agreement and explained such terms and conditions to Seller, including the all costs and fees, and the amount to be paid to Purchaser. I have a written fee agreement with Seller to pay my fees contingent on the outcome of the case. All proceeds of the Legal Claim will be disbursed via the attorney's trust account and the attorney is following the written instructions of the Seller with regard to this Purchase Agreement and Irrevocable Letter of Direction which attorney has acknowledged.

By: Michael Breen, Attorney for Christopher & Holly Boling 4.23.13

PURCHASER:
PROSPECT FUNDING HOLDINGS LLC
13911 Ridgedale Drive, Suite 230
Minnetonka, MN 55305
By:
A. Mark Berlin, Jr.
Its Manager, for Prospect Funding Holdings LLC
for Prospect Funding Holdings LLC

CONTRACT DATE: 4/23, 2013
(date of execution by Purchaser)

Page 8 of 8   Christopher & Holly Boling  04/17/2013

Initial

```
04/18/2013  14:15    0000000000                                      PAGE  10/12
   04/18/2013  13:33    2703841478           DPA                     PAGE  10/12
      04/18/2013  09:57    0000000000                                PAGE  10/12
```

Christopher & Holly Boling
2022 Murray Avenue, Apt 1, Louisville, KY 40205

### IRREVOCABLE LETTER OF DIRECTION

April 17, 2013

Michael Breen, Esq.
870 Fairview Avenue, Suite 5
Bowling Green, KY 42101

Dear Michael Breen,

We, Christopher & Holly Boling, hereby irrevocably direct Michael Breen or any subsequent attorney(s) and law firms that may represent us, to place an assignment, consensual lien and security interest against any and all of the settlement proceeds due to us from the legal claim(s)/case(s) in which you represent us, after payment of any and all legal fees and reimbursable costs, and to protect and satisfy this assignment, consensual lien and security interest up to the full Prospect Ownership Amount per the Purchase Agreement (and the payment schedule listed below) we have executed with Prospect Funding Holdings LLC before releasing any funds to us.

If any dispute arises over the amount owed Prospect Funding Holdings LLC, we instruct you to pay Prospect Funding Holdings LLC the non-disputed amount owed by us to Prospect Funding Holdings LLC (amount of Funding) and retain only the amount in dispute in your trust account until the dispute is resolved. If not resolved within 90 days, we instruct you to notify Prospect Funding Holdings LLC and us and then deposit the amount in dispute with a court of competent jurisdiction in an action for interpleader. We instruct you NOT to release any funds to us until that dispute is resolved. If a check is sent in our name, we hereby grant you a limited, irrevocable power of attorney to endorse and deposit our check into your trust account and pay Prospect Funding Holdings LLC, in full, before releasing any funds to us. Please pay Prospect Funding Holdings LLC at 13911 Ridgedale Drive, Suite 230 Minnetonka, MN 55305. Phone: 855-767-7100. Please provide Prospect Funding Holdings LLC with the gross settlement amount and provide them with any information about my case that they request that does not violate the attorney/client privilege.

We have read the Purchase Agreement and fully understand our obligations. We understand that Prospect Funding Holdings LLC has relied on this Irrevocable Letter of Direction to fund the Purchase Agreement, that the purchase price is $10,000, and that the Prospect Funding Purchase Amount will increase based on a rate of 4.99% per month (subject to a six month minimum) compounded monthly of the purchase price and fees and the date Prospect Funding Holdings LLC receives payment per the Payment Schedule listed in this letter. In the event that you no longer represent us, we instruct you to provide Prospect Funding Holdings LLC with any insurance, attorney or other information requested that will allow them to protect their interest and to follow our irrevocable instructions. This letter may be executed in counterparts, each of which shall be deemed an original and all of which shall together constitute on agreement. By signing the acknowledgement below, you acknowledge that this letter is from us and that you will comply with this Irrevocable Letter of Direction.

Page 1 of 2        Christopher & Holly Boling   04/17/2013                Initial _____

04/18/2013 14:15 0000000000 PAGE 11/12
04/18/2013 13:33 2703841478 DPA PAGE 11/12
04/18/2013 09:57 0000000000 PAGE 11/12

| *Payment Schedule | | Prospect Ownership Amount |
|---|---|---|
| At or Before October 13, 2013 | (6 Months) | $15,804 |
| At April 11, 2014 | (12 Months) | $21,167 |
| At October 8, 2014 | (18 Months) | $28,349 |
| At April 6, 2015 | (24 Months) | $37,969 |
| At October 3, 2015 | (30 Months) | $50,853 |
| At March 31, 2016 | (36 Months) | $68,109 |

*Fees to continue to grow after this date at the rate of 4.99% per month. Please contact Prospect Funding Holdings LLC at 855-767-7100 for a final payment amount after this date.

Sincerely,

Christopher Boling

Holly Boling

Sworn to and subscribed before me on the 18 day of April, 2013

Notary Public

Vickie Jennett
Notary Public, ID No. 418198
State at Large, Kentucky
My Commission Expires on June 15, 2014

### ATTORNEY ACKNOWLEDGMENT

- I, Michael Breen, Esq., acknowledge receipt of this letter from my clients.
- I will honor my clients' irrevocable letter of direction, assignment, consensual lien and security interest, subordinate to attorney fees and reimbursable expenses as per instructions above.
- Should I no longer represent my clients, I will contact Prospect Funding without delay within 48 hours, and provide applicable insurance, attorney information and any other information requested by Prospect Funding.
- Christopher & Holly Boling's claim(s) is/are still pending in active status against a viable defendant with no motions for final disposition, including but not limited to summary judgment. The case is being vigorously defended as to both liability and damages and there is no guarantee that there will be a recovery sufficient to satisfy the Purchase Agreement in whole or in part.
- My fee agreement is contingent upon the recovery of proceeds of the legal claim(s) and all disbursements of funds will be through my attorney trust account and NOT directly to Christopher & Holly Boling.
- There are medical liens against Christopher & Holly Boling's legal claim(s) of approximately $_____.
- Christopher & Holly Boling have not received any previous cash advances on his/her legal claim(s) with the exception of Cambridge Management Group, LLC.
- I will not acknowledge any future cash advances on Christopher & Holly Boling's legal claim(s) without prior written consent of Prospect Funding Holdings LLC.
- Prospect Funding Holdings LLC has relied upon this letter and acknowledgement in funding this transaction.

Michael Breen, Esq.     Date 4.23.13

How should we contact you for case updates:
A. Mark Berlin, Jr.
Its Manager
for Prospect Funding Holdings LLC
Accepted by Prospect Funding Holdings LLC

(Email is preferred (or fax number)
4/23/13
Date

Page 2 of 2     Christopher & Holly Boling 04/17/2013     Initial

04/18/2013 14:15 0000000000 PAGE 12/12
04/18/2013 13:33 2703941478 DPA PAGE 12/12
04/18/2013 09:57 0000000000 PAGE 12/12

## PURCHASE & REPAYMENT TERMS AGREEMENT

Parties: "Christopher & Holly Boling" is Seller and Prospect Funding Holdings LLC (Prospect) is Purchaser

| | FULL DISCLOSURE |
|---|---|
| Offer Date: | April 17, 2013 |
| Purchase Price to Seller: | $10,000 |
| Total Fees: | $1,800 |
| Total Funding Amount: | $11,800 |
| Rate: | 4.99% per month - compounding monthly |

**Payment Schedule** — **Prospect Ownership Amount**

| At or Before October 19, 2013 | (6 Months) | $15,804 |
|---|---|---|
| At April 11, 2014 | (12 Months) | $21,187 |
| At October 8, 2014 | (18 Months) | $28,949 |
| At April 6, 2015 | (24 Months) | $37,969 |
| At October 3, 2015 | (30 Months) | $50,053 |
| At March 31, 2016 | (36 Months) | $68,109 |
| At September 27, 2016 | (42 Months) | $91,221 |
| After September 28, 2016 and thereafter | (4.99% per Month) | |

Seller directs Purchaser to pay $10,000 to Seller as follows:

☐ Send advance via wire transfer to my account (Free):
Name of Bank: Chase Bank
Bank's City, State: Bowling Green, KY
Routing/ABA Number: 083000137
Account Number: 414013875
Bank's Phone #: 270-___-9476
Name on Account: Christopher G. Boling

☐ I do not have a checking account. Please send my check in my name via:
☐ By US Postal Service (Free)
Street Address Apt/Unit #
City, State Zip

Terms: Seller and Purchaser agree that Purchaser has relied on Seller's attorney for repayment. Purchaser agrees to provide funds to the Seller as requested below by the Seller. In the event that Seller receives any Proceeds prior to Purchaser receiving full payment of the applicable Prospect Ownership Amount, Seller grants Purchaser the right to effect one or more ACH debit entries, as needed, from Seller's bank to satisfy outstanding amounts due Purchaser in full. Seller agrees that funds received from Purchaser are a purchase of property, not a loan, and that Purchaser owns a portion of the potential proceeds from the legal claim.

In one or two sentences, please describe how we helped you during these difficult times:

By signing below, I hereby agree to the terms of this agreement and understand that I am responsible for the information that I have provided on this form and that Purchaser is not responsible for any problem in delivery or transfer of monies, so long as it follows the instructions provided by the Seller.

By: /s/ Christopher Boling  Date: 4/18/13
Christopher Boling - Seller

By: /s/ A. Mark Berlin, Jr.  Date: 4/23/13
A. Mark Berlin, Jr.
Its Manager
for Prospect Funding Holdings LLC - Purchaser

/s/ Holly Boling  Date: 4/18/13
Holly Boling - Seller

Page 1 of 1    Christopher & Holly Boling 04/17/2013    Initial: CGB / HB